# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

         v.

JAVIER AMEZCUA-VASQUEZ,
             *Defendant-Appellant.*

No. 07-50239

D.C. No.
CR-06-02104-WQH

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
April 10, 2008—Pasadena, California

Filed June 1, 2009

Before: William C. Canby, Jr., Andrew J. Kleinfeld, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Canby

## COUNSEL

Janet C. Tung, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Christopher M. Alexander, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

**OPINION**

CANBY, Circuit Judge:

**OVERVIEW**

Javier Amezcua-Vasquez ("Amezcua"), a native and citizen of Mexico, appeals his 52-month prison sentence for attempting to reenter the United States unlawfully in violation of 8 U.S.C. § 1326. Nearly fifty years after becoming a permanent resident and more than twenty years after completing a four-year sentence for assault with great bodily injury and attempted voluntary manslaughter, Amezcua was deported to Mexico as an alien convicted of an aggravated felony. Shortly thereafter, he was apprehended re-entering the United States. He was indicted and pled guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326. The district court applied a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which was predicated on Amezcua's twenty-five-year-old convictions, and imposed a Guidelines sentence of 52 months imprisonment. We vacate Amezcua's sentence as substantively unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), and remand the case to the district court for resentencing.

**BACKGROUND**

In 1957, Amezcua, a native and citizen of Mexico, became a permanent resident of the United States. He was two years old at the time. He has lived in or around Calipatria, California, ever since. In 1981, at the age of twenty-six, Amezcua stabbed someone with a knife in the midst of a gang-related bar fight. As a result, he was convicted in state court of attempted voluntary manslaughter and assault with great bodily injury. He was sentenced to concurrent terms of eight months on the attempted manslaughter count and four years on the assault count. Amezcua's sentence was initially suspended, but his probation was revoked in 1982. He was

released on parole in 1984 and was discharged the following year. In 2006, at the age of fifty-one, Amezcua was ordered removed to Mexico as an alien convicted of an aggravated felony because of his 1981 convictions.

Two weeks after his removal, Amezcua was apprehended entering the United States in the vicinity of Calexico, California. After waving his *Miranda* and Vienna Convention rights, Amezcua admitted that he was not a United States citizen and that he was unlawfully in the United States after having been deported. He informed the agents that he had been staying in Mexicali, Mexico, since his deportation two weeks earlier and that, at the time of his arrest, he was attempting to return to El Centro, California, to live with his family and work.

A few months later, Amezcua was indicted on one count of attempted illegal reentry in violation of 8 U.S.C. § 1326(a)-(b). He pled guilty without a plea agreement. The district judge adopted the following offense level computation in the Presentence Report:

| | |
|---|---|
| Base Offense Level: 8 U.S.C. § 1326 | 8 |
| Specific Offense Characteristics: U.S.S.G. § 2L1.2(b)(1)(A)(ii) | 16 |
| Adjusted Offense Level: | |
| Adjustment for Acceptance of Responsibility: | -2 |
| Total Offense Level: | 22 |

With respect to his criminal history, the only conviction that qualified under Chapter IV of the Guidelines was a 1999 conviction for "us[ing], or be[ing] under the influence of any controlled substance," Cal. Health & Safety Code § 11550(a), which placed Amezcua in category II. Amezcua's other convictions, including the 1981 conviction, did not score under

the Guidelines because they were too old.[1] U.S.S.G. § 4A1.2(e). Similarly, Amezcua's law enforcement contacts did not score under the Guidelines.[2]

At sentencing, the judge stated that he had read Amezcua's sentencing memorandum and the Presentence Report, which discussed Amezcua's background. The Report noted Amezcua's extensive family network around El Centro, California, his absence from Mexico since he was two years old, his work experience as an agricultural worker in the fields of California and as a handyman in the community, and his history of alcohol and drug abuse. The district judge determined that the Guidelines range for a defendant with Amezcua's offense level (22) and criminal history category (II) was 46 to 57 months, followed by a term of 2 to 3 years under supervised release. Amezcua objected to the application of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) on the ground that neither of his 1981 convictions qualified as a "crime of violence." He also challenged the reasonableness of the proposed Guidelines sentence in light of his personal history and characteristics.

At sentencing, the district judge noted that the Guidelines are merely advisory and that Amezcua's 1981 conviction qualified as a crime of violence under Section 2L1.2(b)(1)(A)(ii). After discussing Amezcua's uncharged law enforcement contacts and his prior convictions, and the statutory sentencing factors under 18 U.S.C. § 3553(a), the district judge imposed a sentence of 52 months imprisonment, followed by three years of supervised release. Amezcua appeals.

---

[1]Amezcua's other convictions were for reckless driving (1974), drunk driving (1978), resisting a police officer (1978), battery (1987), violation of a court order (1993) and driving under the influence (1993).

[2]Amezcua's law enforcement contacts have been for use of a controlled substance. They have not involved trafficking.

## DISCUSSION

Our "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.' " *Gall v. United States*, 128 S. Ct. 586, 594 (2007). In conducting this inquiry, we review the district court's sentencing decision for an abuse of discretion. *Id.* at 600. "[O]nly a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "[W]e first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *Id.* (citing *Gall*, 128 S. Ct. at 597).

### Procedural Reasonableness

[1] In his only procedural challenge,[3] Amezcua contends that the district court failed properly to consider and discuss his arguments for lenient sentencing that cast his personal history in a positive light. Although the district court's treatment of these arguments was brief, we find no procedural error. Under the sentencing statute, the district court was required to "state in open court the reasons for its imposition of the [52-month] sentence." 18 U.S.C. § 3553(c). As the Supreme Court has recently announced, however, this obligation does "not necessarily require lengthy explanation." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). "Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." *Id.* Accordingly, although it is the better practice for district courts to explain whether they accept or reject "nonfrivolous argument[s] tethered to a

---

[3]On this appeal, Amezcua no longer argues—as he did in the district court—that his 1981 convictions do not constitute "crimes of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

relevant § 3553(a) factor," *Carty*, 520 F.3d at 992-93, a sentencing judge does not abuse his discretion when he listens to the defendant's arguments and then "simply [finds the] circumstances insufficient to warrant a sentence lower than the Guidelines range," *id.* at 995 (quoting *Rita*, 127 S.Ct. at 2469); *see also United States v. Stoterau*, 524 F.3d 988, 999 (9th Cir. 2008).

In this case, the district court began its analysis of the sentencing factors by noting that two of the arguments discussed in connection with the computation of the advisory Guidelines range—that is, "the nature and circumstances of the offense and [the] history and characteristics of the defendant"—were also relevant to its § 3553(a) inquiry. It then stated:

> With respect to the 3553 factors, I have considered all of them. Some in particular I'll mention. In addition to the nature and circumstances of the offense, the need to reflect the seriousness of the offense, promote respect for law, and to provide just punishment for the offense, as well as to afford adequate deterrence to criminal conduct, and having closely examined the defendant's prior record and the circumstances of the offense, the Court is going to impose a sentence in the amount of 52 months.

This explanation effectively singled out the factors enumerated in subsections (a)(1), (a)(2)(A) and (a)(2)(B) of 18 U.S.C. § 3553 as particularly relevant to the district court's sentencing decision in this case. Turning to the specifics of Amezcua's case, the district court continued:

> I think that [a 52-month sentence] is the minimum sentence that would afford deterrence to criminal conduct. I recognize that the facts of this offense are not particularly aggravating, but that the defendant's prior criminal history and contacts with law enforcement, he's had some significant contacts . . . .

> Under 3553 factors, I think that the 52-month sentence is necessary to promote respect for the law and provide just punishment, and I also believe that that is a sentence that is necessary in order to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and I don't think that a sentence of less than 52 months would satisfy the 3553 factors.

**[2]** We conclude that this discussion of the § 3553(a) factors sufficed. We recognize that, at the sentencing hearing, the district court did not mention several of Amezcua's mitigating arguments pertaining to his "history and characteristics." 18 U.S.C. 3553(a)(1). We also recognize that some of these arguments were undoubtedly weighty—in particular, Amezcua's cultural assimilation resulting from spending his entire life after the age of two years in the United States and his understandable difficulty in adjusting to life in Mexico after living in the United States for half a century. On the record as a whole, however, we are satisfied that the court "listened to [Amezcua]'s argument[s]" and "then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range." *Rita*, 127 S. Ct. at 2469. Nothing more was required to comply with the procedural mandate articulated in *Rita*.

**Substantive Reasonableness**

In his principal challenge to the substantive reasonableness of his sentence, Amezcua contends that the sentence imposed by the district court is unreasonable because it is the product of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), which is predicated on a conviction that is too old to score under the Guidelines' criminal history provisions. *See* U.S.S.G. § 4A1.2(e). It is not *per se* unreasonable to apply the enhancement when the conviction is too stale to be counted for purposes of the criminal history. *See Lara-Aceves*, 183

F.3d 1007, 1013-14 (9th Cir. 1999), *overruled on other grounds by United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001) (en banc). We conclude, however, that under the circumstances of this case, it was unreasonable to adhere to the Guidelines sentence, with its full 16-level enhancement under § 2L1.2(b), because of the staleness of Amezcua's prior conviction and his subsequent history showing no convictions for harming others or committing other crimes listed in Section 2L1.2. We therefore vacate Amezcua's sentence, and remand for resentencing.

**[3]** In determining the substantive reasonableness of Amezcua's 52-month sentence, we "consider the totality of the circumstances" and attach no presumption of reasonableness to the fact that Amezcua's sentence falls within the applicable Guidelines range. *Carty*, 520 F.3d at 993 (citing *Gall*, 128 S. Ct. at 597). We are mindful, however, that "a Guidelines sentence 'will usually be reasonable,' " *id.* at 994 (quoting *Rita*, 127 S. Ct. at 2465), for "[a]n individual judge who imposes a sentence within the range recommended by the Guidelines thus makes a decision that is fully consistent with the Commission's judgment in general." *Rita*, 127 S. Ct. at 2465. We review the sentencing decision for abuse of discretion, and "[t]he fact that [we] might reasonably [conclude] that a different sentence [is] appropriate is insufficient to justify reversal of the district court." *Gall*, 128 S. Ct. at 597. Nevertheless, we may reverse if, upon reviewing the record, we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors.

**[4]** After giving due weight to these principles, we conclude that Amezcua's Guidelines sentence "fails properly to reflect § 3553(a) considerations." *Rita*, 127 S. Ct. at 2465. On the facts of this case, the unmitigated application of the Guidelines sentence with its 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) substantially overstates "the nature and circumstances of [Amezcua's] offense [and] . . . the need

for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1)-(2)(A). Section 2L1.2(b)(1)(A)(ii) requires a 16-level, 200 percent increase from the base offense level if the defendant "previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(a)-(b). The enhancement applies regardless of the time of conviction. *See* U.S.S.G. § 2L1.2 app. note 1(B)(vii). That is so because Section 2L1.2(b) " 'is a measure of the seriousness of the crime committed, ratcheting up the sentence because it is a more serious offense to return after deportation when the defendant has previously committed a serious crime—an aggravated felony.' " *United States v. Lara-Aceves*, 183 F.3d at 1014 (quoting *United States v. Gonzalez-Mendez*, 112 F.3d 1325, 1329 (7th Cir. 1997)).

**[5]** The crucial question, then, is whether the measure of seriousness provided by the 16-level enhancement is in fact *reasonable*. We conclude that, on the facts of this case, it is not. The fact that Section 2L1.2(b) addresses the seriousness of the offense—as opposed to the risk of recidivism— explains the absence of time limitations on qualifying predicate convictions. *See* U.S.S.G. § 2L1.2 app. note 1(B)(vii); *Lara-Aceves*, 183 F.3d at 1014. It does not, however, justify increasing a defendant's sentence *by the same magnitude* irrespective of the age of the prior conviction at the time of reentry. Although it may be reasonable to take *some* account of an aggravated felony, no matter how stale, in assessing the seriousness of an unlawful reentry into the country, it does not follow that it is inevitably reasonable to assume that a decades-old prior conviction is deserving of the same severe additional punishment as a recent one. The staleness of the conviction does not affect the Guidelines calculation, but it does affect the § 3553(a) analysis. We hold that the district court abused its discretion when it applied the Guidelines sentence to Amezcua without making allowances for the staleness of the prior conviction and his subsequent lack of any

other convictions for violent crimes. The result was an unreasonable sentence.

**[6]** This is a case where the Guidelines calculation, including the 16-level enhancement, was correct, but the age of the conviction and the circumstances of this individual nevertheless require a variance under § 3553(a) from a Guidelines sentence. Amezcua was convicted of assault with great bodily injury and attempted voluntary manslaughter in 1981, twenty-five years prior to his removal to Mexico and subsequent unlawful reentry. He was sentenced to four years in prison at the time and was released in 1984. Neither of his convictions even qualified as "aggravated felonies" under Title 8 until 1996.[4] Finally, although he has evidently struggled with a substance addiction, there is no indication that he has committed another offense listed in Section 2L1.2 or has harmed or attempted to harm another person or the property of another for the past twenty years. Because his 1984 convictions were very old and unrepresentative of Amezcua's characteristics during the past many years, we conclude that the Guidelines calculation yielded a sentence exceeding what was reasonable under § 3553(a). Section 2L1.2 is designed to measure "the seriousness of the crime committed," where the crime is "return[ing]

---

[4]In 1990, Congress expanded the definition of "aggravated felony" to include "crime[s] of violence . . . for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years." Immigration Act of 1990, Pub. L. No. 101-649, § 501(a)(3), 104 Stat. 4978, 5048 (1990). Amezcua's 1981 convictions did not qualify under this definition because he was sentenced to four years. Moreover, the amendment applied only prospectively. *Id.* § 501(b). In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act, which further extended the definition of "aggravated felony" to include crimes of violence "for which the term of imprisonment [is] at least one year." Pub. L. No. 104-208, Div. C, §§ 321(a)(3), 322(a)(2)(A), 110 Stat. 3009-546, 3009-627 (1996). The 1996 amendment applied "regardless of whether the conviction was entered before, on, or after the date of enactment." *Id.* § 321(b). It was at this point that Amezcua's convictions first qualified as "aggravated felonies" under Title 8. 8 U.S.C. § 1101(a)(43).

after deportation when the defendant has previously committed a serious crime." *Lara-Aceves*, 183 F.3d at 1014. Even under this definition, there is no doubt that Amezcua's illegal return after having committed an offense listed in Section 2L1.2 over 20 years earlier, after which he was never convicted again of any such listed crime or of harming another person, is a significantly less "serious crime committed" than an illegal return very soon after having committed a serious crime. The district court abused its discretion by failing to measure the seriousness of Amezcua's particular offense when applying Section 2L1.2 and to vary from the Guidelines sentence accordingly.

Our decision today is not inconsistent with the rationale of two of our recent post-*Carty* decisions: *United States v. Whitehead*, 532 F.3d 991 (9th Cir. 2008) (per curiam); *United States v. Ruff*, 535 F.3d 999 (9th Cir. 2008). In those cases, we upheld as reasonable non-Guidelines sentences that involved minimal, if any, prison time notwithstanding advisory Guidelines ranges of 41 to 51 months and 30 to 37 months, respectively. In doing so, we emphasized the broad discretion enjoyed by district courts in fashioning sentences that fully and adequately reflect the penological factors set forth in 18 U.S.C. § 3553(a). *Whitehead*, 532 F.3d at 993; *Ruff*, 532 F.3d at 1003-04.

These cases are analytically distinguishable from the present appeal, however. Unlike the sentences imposed in those cases, the sentence at issue in this appeal is not the product of *defendant-specific* § 3553(a) mitigating (or aggravating) factors with respect to which "the district court was 'in a superior position' to find the relevant facts and to 'judge their import.' " *Whitehead*, 532 F.3d at 993 (quoting *Gall*, 128 S. Ct. at 597); *see also Ruff*, 535 F.3d at 1004. In this case the district court did not deviate from the Guidelines by applying defendant-specific factors that it was in a superior position to adjudge. On the contrary, the district court applied the Guidelines sentence without considering the defendant-specific

facts that made the resulting sentence unreasonable under § 3553(a)—i.e., the staleness of the predicate prior conviction and its diminished import on the severity of the illegal reentry decades after the original conviction.[5] Neither *Whitehead* nor *Ruff* requires us to affirm the sentence in the present circumstances.

Having concluded that the Guidelines sentencing range in this case unreasonably overstates the *offense-specific* sentencing factors, 18 U.S.C. § 3553(a)(1)-(2)(A), we must still consider whether the ultimate sentence may nonetheless be justified in light of other aggravating sentencing considerations. The district court identified two such considerations that are relevant to this case: the need to "afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6). Neither of these factors,

---

[5]We note that the Supreme Court has vacated in light of *Gall* and remanded for re-sentencing a number of illegal reentry cases where the defendants were given Guideline sentences that included violent crime enhancements. *See Rodriguez-Rodriguez v. United States*, 128 S. Ct. 876 (2008) (vacating affirmance of a 57-month Guidelines sentence for violating 8 U.S.C. § 1326 and remanding for further consideration in light of *Gall*), *aff'd on remand sub nom. United States v. Rodriguez-Rodriguez*, 530 F.3d 381 (5th Cir. 2008); *Jaimes-Aguirre v. United States*, 128 S. Ct. 2934 (2008) (vacating affirmance of an enhanced Guidelines sentence for violating 8 U.S.C. § 1326 and remanding for further consideration in light of *Gall*); *Salazar-Garcia v. United States*, 128 S. Ct. 2934 (2008) (vacating affirmance of a 70-month Guidelines sentence for violating 8 U.S.C. § 1326 and remanding for further consideration in light of *Gall*); *Alvarado-Molina v. United States*, 128 S. Ct. 2425 (2008) (vacating affirmance of a 46-month Guidelines sentence for violating 8 U.S.C. § 1326 and remanding for further consideration in light of *Gall*), *reaff'd on remand sub nom. United States v. Alvarado-Molina*, 288 Fed. Appx. 448 (10th Cir. 2008) (mem.). Although we must not read too much meaning into these bare orders, they support the view that, at least in some applications, the Guidelines prior crime enhancements can lead to unreasonable sentences.

whether considered in isolation or in the aggregate, justifies a 52-month sentence.

In its discussion of deterrence, the district court correctly pointed to certain prior convictions, including the 1981 convictions, which are too old to affect Amezcua's criminal history score under the Guidelines. It also pointed to other more recent non-scoring law enforcement contacts for substance abuse. It is unreasonable, though, to treat a decades-old enhancing conviction as requiring as much deterrence as a recent conviction. Finally, "the need to avoid unwarranted sentence disparities" among similarly situated defendants does not weigh against Amezcua. 18 U.S.C. § 3553(a)(6). While it is important to avoid "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), it is also legitimate to avoid "unwarranted *similarities* among [defendants] who were not similarly situated." *Gall*, 128 S. Ct. at 600 (emphasis in original). It is not reasonable for Amezcua's record of relative harmlessness to others for the past twenty years to subject him to the same severe offense level enhancement applied to a recent violent offender.

\* \* \*

[7] The scope of our decision is limited. We hold that, on the specific set of facts presented by this case, a 52-month sentence that is largely predetermined by a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) is substantively unreasonable, and it was an abuse of discretion for the district court to impose it. We make no pronouncement as to the reasonableness of a comparable sentence were Amezcua's conviction more recent, the sentence resulting from the prior conviction more severe or "the need . . . to protect the public from further crimes of the defendant" otherwise greater. 18 U.S.C. § 3553(a)(2)(C).

## CONCLUSION

We vacate Amezcua's sentence and remand for resentencing consistent with this opinion.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**