MEMORANDUM **
In these consolidated appeals, Francisco Flores-Babichi appeals from the 77-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326, and the 18-month consecutive sentence imposed following the revocation of the supervised release term he was serving for a prior guilty-plea conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, *956 and we vacate the sentence and remand for resentencing.
Flores-Babichi contends that the district court procedurally erred by failing to calculate the Guidelines range, by treating the Guidelines as mandatory and/or assigning them too much weight, and by focusing on only one of the 18 U.S.C. § 3553(a) sentencing factors, to the exclusion of the remaining factors. The record reflects that the district court did not procedurally err. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007); see also United States v. Simtob, 485 F.3d 1058, 1062-63 (9th Cir.2007).
Flores-Babichi also contends that the sentence imposed was substantively unreasonable because it was greater than necessary to accomplish the purposes of sentencing, and because the district court used a stale conviction to enhance his sentence. We remand to the district court for reconsideration of the sentence in light of United States v. Amezcua-Vasquez, 567 F.3d 1050, 1057-58 (9th Cir.2009) (holding that it may be an abuse of discretion to impose a sentence that is largely predetermined by a 16-level enhancement without accounting for the staleness of the prior conviction and the defendant’s lack of other convictions for violent crimes).
SENTENCE VACATED; REMANDED FOR RESENTENCING.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.