# FILED

APR 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50252 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-01242-DMS-2 |
| v. | |
| JESUS ANTONIO ARMENTA, AKA Tony, | MEMORANDUM [*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50361 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-01242-DMS-1 |
| v. | |
| JUVENAL VEGA-SOTO, AKA Kenny, AKA Carnal Kenny, AKA K, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50374 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-01242-DMS-8 |
| v. | |
| FRANK REYES, | |
| Defendant - Appellant. | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50399 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-01242-DMS-3 |
| v. | |
| MARTIN REYES, AKA Son-In-Law, AKA Carnalito, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and KENNELLY,[**] District Judge.

These consolidated appeals arise from the Government's investigation of the Mexican Mafia street and prison gang. A jury convicted Frank and Martin Reyes (the "Reyes cousins") and Juvenal Vega-Soto on one count of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Jesus Armenta pled guilty to the same count. On appeal, each challenges his sentence. In addition, the Reyes cousins and Vega-Soto argue that

---

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

the court erred in granting the June 10, 2005 wiretap application. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

Armenta asserts that the district court erred in failing to adequately address his argument that his 210 month sentence resulted in an unwarranted sentencing disparity with his co-defendants. We review Armenta's sentence first for "significant procedural error" and then for "substantive reasonableness" based on the totality of the circumstances. *United States v. Stoterau*, 524 F.3d 988, 998–99 (9th Cir. 2008). Because the district court committed no procedural error in imposing a reasonable sentence, we affirm.

The district court adequately addressed Armenta's disparity argument. Because the context and the record made the district court's reasoning clear, it was not required to explain its rationale in detail. *United States v. Treadwell*, 593 F.3d 990, 1010 (9th Cir. 2010). Moreover, the district court correctly concluded that there was no disparity of sentences among similarly situated defendants. Finally, in imposing sentence, the district court expressly considered the need "to promote consistency in sentencing vis-a-vis the other defendants in this case." Thus, "[o]n the record as a whole [] we are satisfied that the court listened" to Armenta's arguments and "simply found these circumstances insufficient to warrant a

sentence lower than the Guidelines range." *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053–54 (9th Cir. 2009) (internal quotation marks omitted).

## II.

Vega-Soto asserts that his sentence violates the Rule of Speciality in the Extradition Treaty between the United States and the United Mexican States. *See* Extradition Treaty, U.S.-Mex., May 14, 1978, art. 17, 31 U.S.T. 5059. He argues that the affidavit in support of extradition disclosed only that he was subject to a maximum term of life imprisonment, not "life imprisonment without release." 21 U.S.C. § 841(b)(1)(A). The Government informed Mexico that the "maximum penalty for a violation of Title 21, United States Code, Sections 846 and 841(a)(1), is a term of life imprisonment"; Mexico was therefore placed on notice that Vega-Soto was facing the possibility of serving the rest of his natural life in prison. *See* 18 U.S.C. § 3624(b)(1) (excluding prisoners sentenced to life imprisonment from accumulation of "satisfactory behavior" credit); *United States v. LaFleur*, 971 F.2d 200, 208–09 (9th Cir. 1991) (recognizing that after the Sentencing Reform Act, "[p]arole is no longer a possibility"). That the § 841(b)(1)(A) enhancement turned this possibility into a certainty does not alter the reality that the affidavit submitted in support of the Government's extradition request accurately reflected the "maximum sentence" to which Vega-Soto was subjected.

4

Relying on Justice Scalia's concurrence in *Rita v. United States*, 551 U.S. 338 (2007), the Reyes cousins and Vega-Soto argue that because their sentences are substantively reasonable only on the basis of judge-found facts, their Sixth Amendment rights were violated. This argument was not made to the district court, but in any event it is foreclosed by *United States v. Treadwell*. *See* 593 F.3d at 1016–17 (describing this argument as "'too creative for the law as it stands.'" (quoting *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008)). The statutory maximum for a violation of 21 U.S.C. § 841(a)(1) involving 50 grams or more of methamphetamine is life imprisonment. *Id.* § 841(b)(1)(A). Because the district court sentenced Vega-Soto and the Reyes cousins within the statutory range, the Sixth Amendment was not violated. *See Treadwell*, 593 F.3d at 1017 (reaffirming that the relevant "statutory maximum" is found in the United States Code).

IV

Finally, the Reyes cousins and Vega-Soto argue that the Government's June 10, 2005 wiretap application was deficient because it failed to establish the requisite necessity and was not supported by a full and complete statement of the relevant facts. *See* 18 U.S.C. § 2518(1)(c), (3). We review de novo whether an

application for a wiretap is supported by a full and complete statement of the facts. The district court's finding of necessity is reviewed for an abuse of discretion. *United States v. Staves*, 383 F.3d 977, 980 (9th Cir. 2004).

The district court correctly concluded that the wiretap affidavit contained a full and complete statement of the facts, even though it did not describe the scope of the entire investigation, but only the facts that supported the particular intercept being requested. FBI Agent Smith was not required to detail every fact pertinent to the investigation; while more information may have been included, all that is required is "reasonable detail." *United States v. Garcia-Villalba*, 585 F.3d 1223, 1229 (9th Cir. 2009); *see also United States v. Yeje-Cabrera*, 430 F.3d 1, 9–10 (1st Cir. 2005). Nor is it fatal that the affidavit describes the limitations of certain investigative techniques with more generality. *Compare Garcia-Villalba*, 585 F.3d at 1230 (upholding wiretap grant despite presence of some conclusory language); *with United States v. Blackmon*, 273 F.3d 1204, 1210 (9th Cir. 2001) (rejecting an affidavit which, after stripping away material omissions and misstatements, relied entirely on boilerplate descriptions). Therefore, Agent Smith's affidavit provided the reasonable case-specific detail necessary to satisfy the full and complete statement requirement.

Nor did the district court abuse its discretion in finding the wiretap necessary.  While appellants describe a host of possible investigative techniques the Government could have employed, "law enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap."  *United States v. Rivera*, 527 F.3d 891, 902 (9th Cir. 2008) (internal quotation marks omitted).  Rather, we take a "common sense approach to evaluate the reasonableness of the government's good faith efforts to use traditional investigative tactics or its decision to forgo such tactics."  *United States v. Reed*, 575 F.3d 900, 909 (9th Cir. 2009) (internal quotation marks omitted).  The Government was confronted with a complex drug conspiracy involving the Mexican Mafia, a "broad-based organization with several hundred members" that has "countless, and at times disjointed, criminal tentacles."  *United States v. Shryock*, 342 F.3d 948, 976 (9th Cir. 2003).  In light of the Government's demonstrated good faith efforts to employ traditional investigative techniques and its unquestioningly legitimate interest in exposing the full scope of the conspiracy, the district court did not abuse its discretion in finding that these techniques were inadequate and that the wiretap was necessary.  *See United States v. McGuire*, 307 F.3d 1192, 1198–99 (9th Cir. 2002).

The Reyes cousins and Vega-Soto further contend that they were entitled to a *Franks* hearing to explore alleged material omissions in the affidavit supporting

the wiretap application. However, before the district court they failed to make the requisite "substantial preliminary showing that the false statement [or omission] was deliberately or recklessly included in an affidavit submitted in support of a wiretap order, and the false statement was material to the district court's finding of necessity," to warrant a *Franks* hearing. *See Staves*, 383 F.3d at 982.

## CONCLUSION

For the foregoing reasons we affirm the convictions and sentences of Frank Reyes, Martin Reyes, and Juvenal Vega-Soto. We additionally affirm the sentence of Jesus Armenta.

**AFFIRMED.**