**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30247 |
| Plaintiff - Appellee, | D.C. No. 2:08-CR-06056-LRS-1 |
| v. | |
| RICKY DALTON WALKER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Submitted March 10, 2010[**]
Seattle, Washington

Before: FISHER and BERZON, Circuit Judges, and SNOW, District Judge.[***]

Defendant-Appellant Ricky Dalton Walker pled guilty to being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), for which the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable G. Murray Snow, United States District Judge for the District of Arizona, sitting by designation.

court imposed a within-Guidelines 96-month prison sentence. Walker now appeals his sentence, and we affirm.

The district court's sentencing was free of procedural error. Because Walker's arguments were "conceptually simple," the district court did not abuse its discretion by imposing a within-Guidelines sentence after hearing Walker's arguments and then "brief[ly]" finding these arguments insufficient. *Rita v. United States*, 551 U.S. 338, 358–59 (2007). The district court was not required to offer a more extensive discussion of the section 3553(a) factors merely because the court noted that the other section 3553(a) factors "overshadow[ed]" Walker's Guideline-based objections. In analyzing the section 3553(a) factors, the district court appropriately listed each factor on the record and then properly considered facts relevant to these factors. *See United States v. Sylvester Norman Knows His Gun III*, 438 F.3d 913, 918 (9th Cir. 2006).

The district court's sentence is also substantively reasonable. The court reasonably applied the altered or obliterated serial number enhancement under U.S.S.G. § 2K2.1(b)(4)(B) because the serial number was partially obliterated and the enhancement applies even when a defendant lacks knowledge of the alteration. *See* U.S.S.G. § 2K2.1 cmt. n.8(B); *United States v. Carter*, 421 F.3d 909, 911–13 (9th Cir. 2005). The court reasonably applied the prior controlled substance

offense enhancement under U.S.S.G. § 2K2.1(a)(4) because Walker has made no showing that his prior offense "is different in kind and degree from, or outside of the norm of, other offenses . . . that similarly trigger the . . . enhancement." *United States v. Sanchez-Rodriguez*, 161 F.3d 556, 561 (9th Cir. 1998) (en banc). Walker's sentence is not substantively unreasonable under *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009).

**AFFIRMED.**