**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>
UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

OMAR ANGEL SERRANO-
GUERRERO, a.k.a. Omar Angel Serrano,

       Defendant - Appellant.
</td><td>
No. 09-50160

D.C. No. 2:08-cr-00759-ABC

MEMORANDUM[*]
</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

    Omar Angel Serrano-Guerrero appeals from the 86-month sentence imposed

following his guilty-plea conviction for being an illegal alien found in the United

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Serrano-Guerrero contends that the district court procedurally erred at sentencing by: 1) failing to consider all of the 18 U.S.C. § 3553 factors; 2) presuming that the Guidelines range was reasonable; and 3) failing to adequately address his mitigating arguments. The record reflects that the district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Serrano-Guerrero also contends that the sentence is substantively unreasonable in light of the district court's failure to depart downward based on Serrano-Guerrero's lost opportunity to serve his federal sentence concurrent to a state sentence. The district court did not abuse its discretion by declining to impose a lower sentence on this basis. *See id.* at 993. Serrano-Guerrero also contends, for the first time on appeal, that the sentence is substantively unreasonable because the Guidelines range is based upon a 16-level enhancement for a relatively stale and minor drug trafficking offense. In light of the totality of the circumstances, the within-Guidelines sentence is substantively reasonable. *See id.*; *cf. United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-56 (9th Cir. 2009).

**AFFIRMED.**