**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50567 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02788-DMS-1 |
| v. | |
| JOSE LUIS MURILLO-PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted November 2, 2010
Pasadena, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and JARVEY, District Judge.[**]

Jose Murrillo-Perez appeals his jury conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. He also challenges his sentence.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

The district court did not err in admitting evidence that Murillo-Perez was permanently barred from reentering the United States. The custodian of the documentary evidence was qualified to authenticate it, and, at the request of the petitioner, the description of the underlying conviction was deleted. The evidence did not remove from the jury's consideration the issue of whether he had ever applied for reentry, and indeed there was no objection on that ground.

The admission of the certificate of non-existence of record ("CNR") was harmless error because even without the CNR, there was overwhelming evidence that Murillo-Perez did not get permission to reenter the United States. There was testimony from the custodian that she could not find an I-212 document or filing fee in Murillo-Perez's A-file or C.L.A.I.M.S. database to indicate that Murillo-Perez had applied to reenter. *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1162 (9th Cir. 2010).

The evidence supporting a jury finding of alienage was sufficient. In addition to the prior deportation order, the government introduced the defendant's own sworn statement in the 1994 deportation hearing that he was an alien. Additionally, there was evidence that he had been subsequently deported twice to Mexico, in July 1998 and June 2002.

With respect to sentencing, the district court did take into account the age of the convictions and expressly determined that the 84 months' sentence was fair and just, in light of the old age of the prior convictions and the continued criminal activity. The case, therefore, is unlike *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), where the staleness of the prior conviction was not considered.

**AFFIRMED**.