**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10104 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00281-DCB-GEE |
| v. | |
| PEDRO MEZA-PUENTES, a.k.a. Pedro Puentes, a.k.a. Pedro Puentes-Meza, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Pedro Meza-Puentes appeals from the 84-month sentence imposed following his guilty-plea conviction for re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Meza-Puentes contends that his sentence is substantively unreasonable under *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), in light of the staleness of the prior conviction that was the basis for a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), the circumstances of that offense, his age at the time of that offense, and his alleged cultural assimilation. The record reflects that the 84-month sentence is substantively reasonable in light of the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *cf. Amezcua-Vasquez*, 567 F.3d at 1057-58 (recognizing it is not unreasonable to apply the enhancement simply because the conviction is too old to be counted in the criminal history, and the need to consider subsequent criminal history, adequacy of deterrence, and protection of the public).

**AFFIRMED.**