NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50068 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-02439-BEN |
| v. | |
| HECTOR RANGEL-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Hector Rangel-Lopez appeals from the 57-month sentence imposed

following his guilty-plea conviction for being a deported alien found in the United

States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, the
Defendant's request for oral argument is denied.

§ 1291, and we affirm.

Rangel-Lopez contends that the district court imposed a substantively unreasonable sentence under *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009). *Amezcua-Vasquez* is limited to the "specific set of facts presented" in that case. *Id.* at 1058. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, the sentence at the bottom of the Guidelines range in this case is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Rangel-Lopez also contends that the district court abused its discretion in selecting a sentence within the range dictated by the enhancement under U.S.S.G. § 2L1.2 based on recidivism concerns. The district court properly considered the need for adequate deterrence in assessing whether a sentence within the enhanced Guidelines range was sufficient, but not greater than necessary, to achieve the goals of sentencing. *See* 18 U.S.C. § 3553(a); *Amezcua-Vasquez*, 567 F.3d at 1055 (stating that reasonableness of sentence within the enhanced Guidelines range is to be determined in light of the section 3553(a) factors); *United States v. Orozco-Acosta*, 607 F.3d 1156, 1166-67 (9th Cir. 2010) (affirming a sentence within the enhanced Guidelines range, in light of the district court's findings that the sentence was necessary to protect the public and to deter a subsequent reentry).

**AFFIRMED.**