FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50039 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00457-JFW-1 |
| v. | |
| ALVAN CHIEMEZIE ASIERU, AKA Alvan Asieru, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted May 2, 2011[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Alvan Asieru appeals his 97-month sentence for his conviction for one count

of mail fraud in violation of 18 U.S.C. § 1341. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Asieru's argument that the district court committed procedural and substantive error by failing to fully consider the alleged structural problems of Sentencing Guidelines section 2B1.1 is not supported by the record. Our precedent dictates that to avoid procedural error when a *Kimbrough* argument is raised, a district court need only "appreciate its *Kimbrough* discretion to vary from the . . . Guidelines based on a categorical policy disagreement with them." *United States v. Henderson*, — F.3d —, 2011 WL 1613411, at *8 (9th Cir. April 29, 2011) (discussing *Kimbrough v. United States*, 552 U.S. 85 (2007)). Here, there is no indication that the district court did not understand the import of *Kimbrough*, or its authority to vary from the Guidelines if it so desired. *Cf. Henderson*, 2011 WL 1613411, at *3, *8.

In regard to Asieru's substantive claim, we see no basis from which to conclude that the court thought itself constrained by the Guidelines to impose a sentence on Asieru that it thought to be inappropriate. *Id*. at *8 ("[D]istrict courts are not obligated to vary from the . . . Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them."). To the contrary, the court in this case stated specifically that "the guideline range adequately takes into consideration the specific facts and circumstances of this case, and the range is not greater than necessary to satisfy the purposes of sentencing."

2

Asieru's general procedural claim that the district court failed to sufficiently explain the sentence to allow for meaningful appellate review is similarly contradicted by the record. The judge's discussion of the various 18 U.S.C. § 3553(a) factors was both thorough and extensive. It more than "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see United States v. Apodaca*, — F.3d —, 2011 WL 1365794, at *3 (9th Cir. April 12, 2011).

Finally, Asieru's sentence, which was at the low end of the applicable Guidelines range, was not substantively unreasonable. In addition to finding that the "guideline range" was appropriate, the district court weighed each of the necessary § 3553(a) factors. The court commented at length regarding the "severe emotional and financial effect" on the lives of each of the victims and made clear that it viewed Defendant's violation as "a very serious offense" that "require[d] a corresponding long sentence so as to promote respect for the law and provide just punishment." Nothing in Asieru's argument or the record leads us to "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009).

**AFFIRMED**.