**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50157 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-04486-BEN |
| v. | |
| CAYETANO ENRIQUE AYALA-CRUZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 12, 2011[**]

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Cayetano Enrique Ayala-Cruz appeals from the 70-month sentence imposed

following his conviction for being a deported alien found in the United States, in

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ayala-Cruz contends that the district court erred at sentencing because it misunderstood the determinative facts of *United States v. Amezcua-Vazquez*, 567 F.3d 1050 (9th Cir. 2009). Ayala-Cruz has not demonstrated that this alleged error affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 734-35 (1993).

Ayala-Cruz also contends that his sentence is substantively unreasonable under *Amezcua-Vasquez* because the sentence does not adequately account for the age of his prior convictions and his individual circumstances. In light of the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a), the sentence is substantively reasonable. *See Amezcua-Vasquez*, 567 F.3d at 1057-58.

Ayala-Cruz further contends that his sentence violates his Fifth and Sixth Amendment rights because it was based on facts found by the judge in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He raises this claim solely to preserve the argument on appeal; as he acknowledges, the claim is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998).

**AFFIRMED.**