**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50624 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00384-GHK-1 |
| v. | |
| ALEJANDRO MORFIN GARCIA, a.k.a. Alejandro Garcia Morfin, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted November 21, 2011[**]

Before:     TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Alejandro Morfin Garcia appeals from the 120-month sentence imposed

following his guilty-plea conviction for distribution of methamphetamine, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(viii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morfin Garcia contends that the district court committed procedural error by failing to consider his mitigation arguments. This contention is belied by the record, which demonstrates that there was no such error. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053-54 (9th Cir. 2009) ("[A] sentencing judge does not abuse his discretion when he listens to the defendant's arguments and then simply finds the circumstances insufficient to warrant a sentence lower than the Guidelines range[.]") (internal quotation marks and alteration omitted).

Morfin Garcia also contends that his sentence is substantively unreasonable. He argues that in selecting the sentence, the district court overemphasized his criminal history and the seriousness of his offense, and failed to account for his mitigating characteristics. Contrary to Morfin Garcia's contention, the district court "did not give [the aggravating] factor[s] impermissible weight or ignore or downplay the other factors." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Morfin Garcia's middle-of-the-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, contrary to Morfin Garcia's contention, the record reflects that the district court did not rely on his rehabilitative needs to impose or lengthen his period of confinement. *See Tapia v. United States*, 131 S. Ct. 2382, 2392 (2011) ("A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs.").

**AFFIRMED.**