**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50612 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01404-R-1 |
| v. | |
| TERRANCE GEORGE TUCKER, AKA Terry Tucker, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50625 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01404-R-2 |
| v. | |
| SONYA DELORES WODKE TUCKER, AKA Cheri Tucker, AKA Sonya Tucker, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50127 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01404-R-1 |

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

```
          v.

  TERRANCE GEORGE TUCKER, AKA
  Terry Tucker,

          Defendant - Appellant.
```

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted November 18, 2011
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and MILLS, Senior District Judge.[**]

Appellants, Terrance Tucker (Terrance) and Sonya Tucker (Sonya) pled guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344(2)(b).[1] They now assert that the district court did not rule on their objections as to the loss amount, the district court did not adequately explain its reasoning, and that their sentences are unreasonable. Sonya also challenges the district court's denial of her request for a continuance.

---

[**] The Honorable Richard Mills, Senior District Judge for the United States District Court, Central District of Illinois, sitting by designation.

[1] Terrance Tucker expressly waived any challenge to the restitution order and agreed to dismissal of Appeal No. 10-50127.

**1.** When determining monetary loss, the district court may utilize various methods, which do not have to be precise. *See United States v. Berger*, 587 F.3d 1038, 1045 (9th Cir. 2009). The district court based its loss calculation on "[p]resentence reports, all schedules and exhibits submitted by the parties, and the arguments of government counsel at the time of the hearing . . ." The evidence upon which the district court relied included financial spreadsheets detailing the amount of loss. Because the district court may employ various methods to determine monetary loss, its estimate of loss was not clearly erroneous. *See Berger*, 587 F.3d at 1045.

**2.** The district court explained that it imposed the sentences because of Terrance and Sonya's roles in the crimes, their knowledge of the industry, and their relationship with the victims. As the district court adequately explained its straightforward sentences that were within (Terrance) and below (Sonya) the Guidelines range, no procedural error occurred. *See United States v. Ressam*, 629 F.3d 793, 824 (9th Cir. 2010), *as amended*.

**3.** Relying on *Kimbrough v. United States*, 552 U.S. 85 (2007), Terrance asserted for the first time on appeal that there was a lack of empirical evidence to

support application of U.S.S.G. §2B1.1. Just because a crime falls within a *Kimbrough* exception does not mean the district court must vary from the Guidelines. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). Moreover, when the district court does not have a policy disagreement with the Guidelines, it is not obligated to apply a variance. *See id.* Accordingly, no plain error occurred. *See United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008), *as amended*.

The district court is not required to list in detail the § 3553(a) factors it considered. *See Ressam*, 629 F.3d at 826. As long as the record supports that the sentence imposed is logical and consistent with the § 3553(a) factors, the sentence is reasonable. *See id.* at 827-28. Terrance's sentence was at the low end of the Guidelines range and Sonya's was below the Guidelines range. Both were reasonable. *See Ressam*, 629 F.3d at 824 (explaining that a sentence within the Guidelines range is usually reasonable).

**4.** The district court has discretion to deny a continuance. *See United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010). Because Sonya failed to establish any prejudice that resulted from the denial, there was no abuse of the court's discretion. *See id.* at 1128.

4

**AFFIRMED.**