FILED

DEC 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10431 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01089-DCB-HCE-1 |
| v. | |
| ARTURO ASTORGA-GONZALEZ, AKA Arturo Astorga-Gonzales, AKA Arturo Gonzalez Astorga, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted December 2, 2013
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Arturo Astorga-Gonzalez ("Astorga"), having been previously removed

from the United States, sought to reenter using a letter from immigration services

stating that he had an appointment in Riverside, California to replace his resident

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

alien card. He was convicted of attempted illegal reentry when the jury did not believe his claim that five days before his attempt to reenter, border guards told him that he could legally reenter. On appeal, he argues that: (a) he was entitled to an entrapment by estoppel instruction; (b) a government agent was improperly allowed to address an element of the charged offense; (c) the prosecutor misstated the requisite *mens rea* element in her closing argument; and (d) his 78-month sentence is substantively unreasonable. We find none of the contentions persuasive and affirm his conviction and sentence.[1]

**1.** Because Astorga did not request an entrapment by estoppel instruction in the district court, his claim is reviewed for plain error. *See United States v. Bear*, 439 F.3d 565, 568 (9th Cir. 2006). There are five elements to the affirmative defense of entrapment by estoppel: "(1) an authorized government official empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told him the proscribed conduct was permissible, (4) that he relied on the false information, and (5) that his reliance was reasonable." *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) (internal citations and quotation marks omitted).

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

Astorga argues that "either the district court committed reversible plain error by failing to instruct the jury *sua sponte* on the affirmative defense of entrapment by estoppel, or defense counsel was ineffective for failing to request such an instruction."[2] This argument fails because Astorga did not present an adequate factual basis for the instruction. There was no evidence that he fully informed the guards of his situation, or that the guards affirmatively told him he could reenter the United States. Moreover, it does not appear that he asserted reliance when he was first arrested. Also, defense counsel may have declined to advance an entrapment defense in order to avoid having Astorga cross-examined on the specifics of the defense. Astorga has not shown that he was entitled to a *sua sponte* instruction or that defense counsel was ineffective for failing to request such an instruction.

**2.** When Agent Soria in response to a question stated that Astorga did not have a legal right to be in the United States, defense counsel objected, and the agent clarified his answer to explain that his review of the government's documents did not disclose any paper authorizing Astorga's reentry. This response

---

[2] With his reply brief, Astorga submitted a press release. The government filed a motion to strike the press release and Astorga responded with a request for judicial notice. The request for judicial notice is granted and the motion to strike is denied.

did not directly address an element of the charged crime and defense counsel did not object. Astorga has not shown that the district court abused its discretion in failing to exclude this evidence. *See United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir. 2000). Furthermore, in context, the agent's comment was not likely to have had any effect on the jury's verdict. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004).

**3.** Astorga claims that the prosecutor misstated the *mens rea* standard in her closing argument. Because there was no contemporaneous challenge to the statement, we review only for plain error. Astorga's contention is not persuasive because: (a) in context it is doubtful that the prosecutor's statement was improper; (b) the jury was properly instructed and we have held that instructions carry more weight than argument, *see United States v. Begay*, 673 F.3d 1038, 1046 (9th Cir. 2011) (en banc); and (c) it is unlikely that the statement had any effect on the jury's verdict.

**4.** Astorga asserts that his 78-month sentence, which was at the low end of the Guidelines, is unreasonable because his prior crimes occurred more than eight years ago when he was 21 or younger. We review criminal sentences for reasonableness and in doing so consider whether the district court's sentencing decision was an abuse of discretion. *United States v. Amezcua-Vasquez*, 567 F.3d

1050, 1053 (9th Cir. 2009). Here, the district court addressed the mitigating factors offered by Astorga and determined that they only supported reducing his sentence to the low end of the Guideline range. Astorga has not carried his burden of showing that this was unreasonable.

Astorga's conviction and sentence are **affirmed**.