**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50570 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00155-JLS |
| v. | |
| MARIO SOTELO-AYALA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Mario Sotelo-Ayala appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Sotelo-Ayala asserts that the district court procedurally erred by failing to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to deviate from the Guidelines based on policy disagreements. We disagree. The record reflects that the court considered Sotelo-Ayala's *Kimbrough* argument, and that it was aware of its discretion to vary from the Guidelines. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 753 (9th Cir. 2011) ("[T]hat the court imposed a below Guidelines sentence demonstrates that it was well aware of its ability to do so under Supreme Court precedent.").

Sotelo-Ayala next contends that the district court procedurally erred by failing to consider his sentencing arguments and by failing to explain adequately its sentencing decision. Reviewing de novo*, see United States v. Grissom*, 525 F.3d 691, 695-96 (9th Cir. 2008), we find no error. The record demonstrates that the district court considered and addressed Sotelo-Ayala's arguments for leniency, and the court's explanation of the sentence was adequate. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053-54 (9th Cir. 2009).

**AFFIRMED.**