**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50311 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02411-BTM |
| v. | |
| MIGUEL BRAVO-ROMERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Miguel Bravo-Romero appeals from the 57-month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bravo-Romero contends that the sentence is unreasonable because the district court failed to consider an unwarranted disparity between his sentence and the sentences of other similarly situated defendants.  The record reflects that the district court considered the 18 U.S.C. § 3553(a) sentencing factors, including the need to avoid unwarranted sentencing disparities, before imposing a sentence at the bottom of the Guidelines range.  Thus, the district court did not procedurally err in fashioning the sentence.  *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *see also United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006).

Bravo-Romero also contends that the sentence imposed is substantively unreasonable because the district court failed to apply this court's reasoning in *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054-56 (9th Cir. 2009).  The record reflects that the district court considered Bravo-Romero's argument in this regard, but found the facts of the instant case to be distinguishable and therefore insufficient to justify a lower sentence based upon the holding of that case.  *Cf. id. at* 1055-56.  The sentence is substantively reasonable under the totality of the circumstances.  *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

**AFFIRMED.**