**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10241 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-02865-FRZ |
| v. | |
| RAUL LAZCANO-SALAZAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Raul Lazcano-Salazar appeals from the 40-month sentence imposed

following his guilty-plea conviction for reentry after deportation, in violation of

8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lazcano-Salazar contends that the district court abused its discretion by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

considering both a 1987 felony machine gun possession conviction and a 1997 heroin conspiracy conviction in reaching the decision to vary only six months downward from the applicable Guidelines range. This contention is without merit. Section 3553(a) explicitly calls upon the sentencing judge to consider the defendant's "history and characteristics" in fashioning a sentence. The district court's determination that the age of Lazcano-Salazar's prior felonies, when measured against their seriousness, warranted a variance of six months was consistent with this court's decision in *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-56 (9th Cir. 2009).

Lazcano-Salazar also contends that the United States left him with a "skewed impression of the seriousness" of an illegal reentry charge when it detained him for only three weeks in 2002 after a reentry that followed his release from prison on the heroin conviction, rendering a 40-month sentence in connection with his present reentry unreasonable. The below-Guidelines sentence imposed was substantively reasonable under 18 U.S.C. § 3553(a) and the totality of the circumstances. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**