FILED

MAR 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50522 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01676-GT-1 |
| v. | |
| JERRY LUIS CRUZ-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Submitted March 9, 2012[**]
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

Jerry Luis Cruz-Lopez appeals his above-Guidelines sentence of 36 months'

imprisonment for using false documents to obtain entry into the United States in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 1546(a). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The United States charged Cruz with unlawful entry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b). It then filed a superseding information charging Cruz with using false documents to obtain entry in violation of 18 U.S.C. § 1546(a). Cruz pled guilty to the § 1546(a) charge.

A probation officer prepared a presentence report detailing Cruz's lengthy criminal and immigration history. Cruz had 21 criminal history points, which translated to a criminal history category of VI—the highest in the U.S. Sentencing Guidelines table. U.S.S.G. Ch. 5, Pt. A. The Guidelines' recommended range of imprisonment was 18 to 24 months. *See* U.S.S.G. § 2L2.2. The presentence report then addressed "factors that may warrant departure." It noted that Cruz "was originally charged with a violation of 8 U.S.C. § 1326, and had he been convicted of that offense, his guideline range of imprisonment would have been 77 to 96 months." In calculating this hypothetical sentence, the presentence report apparently relied on the assumption that Cruz, if he had been convicted of and sentenced for violating § 1326, would have received a 16-level enhancement under the unlawful entry Guideline for deportation after a "drug trafficking" conviction. *See* U.S.S.G. § 2L1.2(b)(1)(A)(I). The report recommended a four-point upward

2

departure for uncharged conduct under Guidelines § 5K2.21, resulting in a recommended range of 30 to 37 months' imprisonment.

At the sentencing hearing, the judge stated that he had considered the document fraud Guideline's recommended range, the 18 U.S.C. § 3553(a) factors, and all the factors discussed in the presentence report in determining the sentence. He expressed agreement with the report's upward departure recommendation. The government then clarified for the judge that the documents justifying the 16-point enhancement in the hypothetical § 1326 sentence were not available. The probation officer in turn explained that the judge could alternatively achieve the above-Guidelines sentence through an upward variance.

The judge said, "All right," and then read out loud the sections of the presentence report stating that the § 1546 offense was Cruz's second consecutive federal offense; that he committed it within days of his release from prison; that he had 21 criminal history points; that he has a history of committing a serious offense, being ordered removed, and then committing another serious offense; that the justice system has not instilled in Cruz an adequate level of deterrence; and that the Guidelines range of 18 to 24 months did not capture the full scope of the offense and was not likely to meet the § 3553(a) objectives. He expressed agreement and ordered a four-point upward departure and a 36-month sentence.

3

On appeal, Cruz argues that the district court committed procedural error by making reference to, and giving "undue weight to," the hypothetical unlawful entry sentence of 77 to 96 months, which was based on "unsupported assumptions," and which the court "used to . . . justify a substantial upward departure" from the document fraud Guideline range. We do not review the kind of error Cruz alleges here as part of our review for *procedural* error. Where, as here, "a district court has framed its analysis in terms of a downward or upward departure, we will treat such so-called departures as an exercise of post-*Booker* discretion to sentence a defendant outside of the applicable [G]uidelines range," which is "subject to a unitary review for [substantive] reasonableness, no matter how the district court styles its sentencing decision." *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006); *see also United States v. Lichtenberg*, 631 F.3d 1021, 1027 n.8 (9th Cir. 2011); *United States v. Ellis*, 641 F.3d 411, 420-21 (9th Cir. 2011); *United States v. Tankersley*, 537 F.3d 1100, 1113-14 (9th Cir. 2008).

"[T]he substantive reasonableness of a sentence—whether objected to or not at sentencing—is reviewed for abuse of discretion." *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). "For a non-Guidelines sentence, we are to 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance,'" and "[w]e may not reverse just because we

think a different sentence is appropriate." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). In determining a sentence's substantive reasonableness, we consider "the totality of the circumstances, including the degree of variance for a sentence imposed outside the [G]uidelines range." *Id*. "A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals.'" *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009) (quoting § 3553(a)).

As in *Ellis*, here, "[u]ltimately, [Cruz]'s . . . objections to the reasons the district court gave for 'departing' upward are beside the point. The question for our purposes is whether a moderately above-Guidelines sentence for a defendant who" committed his second consecutive federal offense within days of his release from federal prison, who has a history of committing serious offenses and being ordered removed, only to be arrested on another serious offense, who had 21 criminal history points—well above the number needed to put him in the highest criminal history category—and in whom the criminal justice system has evidently not yet instilled an adequate level of deterrence "is reasonable under the broad discretion afforded the district court." *Ellis*, 641 F.3d at 423. It is. The district judge did not abuse his discretion in concluding that a shorter term of 18 to 24 months would not

5

meet the sentencing objectives of § 3553(a)—specifically, "to promote respect for the law" and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B). A review of the record does not generate "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009).

AFFIRMED.