FILED

MAY 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10296 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-01955-CKJ |
| v. | |
| JESUS MENDOZA-SOSA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Algenon L. Marbley, District Judge, Presiding**

Submitted May 15, 2012***

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Jesus Mendoza-Sosa appeals from the 51-month sentence imposed following

his guilty-plea conviction for re-entry after deportation, in violation of 8 U.S.C.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**        Algenon R. Marbley, United States District Judge for the Southern
District of Ohio, sitting by designation.

***        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendoza-Sosa first contends that the district court procedurally erred by considering information in the presentence report that lacked the required indicia of reliability. The record reflects that the district court sustained Mendoza-Sosa's objection to the inclusion of the challenged information and did not consider this information in imposing Mendoza-Sosa's sentence.

Mendoza-Sosa also contends that the district court procedurally erred by failing to consider or address adequately his arguments for a departure for cultural assimilation under Application Note 8 to U.S.S.G. § 2L1.2, a departure under U.S.S.G. § 5K2.0(c), and a variance under 18 U.S.C. § 3553(a). The record reflects that the district court followed the proper sentencing procedures. *See United States Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc). It properly considered, but disagreed with, Mendoza-Sosa's contention that a lower custodial sentence was warranted. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053-54 (9th Cir. 2009) ("[A] sentencing judge does not abuse his discretion when he listens to the defendant's arguments and then simply finds the circumstances insufficient to warrant a sentence lower than the Guidelines range.") (alterations, quotations, and citations omitted).

Mendoza-Sosa finally contends that his sentence is substantively

unreasonable in light of the stated grounds for a variance or departure. The record reflects that, under the totality of the circumstances and the section 3553(a) sentencing factors, the sentence at the bottom of the Guidelines range is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**