**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50113 |
| Plaintiff - Appellee, | D.C. No. 3:09-CR-00567-DMS-1 |
| v. | |
| JULIO ALMAZAN-BECERRA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted March 4, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KENNELLY,[**] District Judge.

Julio Almazan-Becerra appeals his seventy-month sentence following his conviction for illegal reentry under 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

The Sentencing Guidelines calculation underlying Almazan-Becerra's sentence included a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a 1995 drug-trafficking conviction. The advisory Guidelines range was eighty-four to 105 months. The district court imposed a sentence fourteen months below the low end of the range.

Almazan-Becerra does not claim any procedural errors but contends only that his sentence is substantively unreasonable. Specifically, he contends that the district court should have given him an even lower below-Guidelines sentence because the 1995 conviction that triggered the sixteen-level Guidelines enhancement was old and minor.

The present conviction, however, was Almazan-Becerra's third for illegal entry or reentry. In 2003, he was convicted on two counts of illegal entry and was sentenced to thirty months in custody. In 2004, he was convicted of illegal reentry and was sentenced to fifty-seven months in custody. After serving that sentence, he was removed from the United States but then reentered just six months later, which led to the present charge. Further, his 1995 drug-trafficking conviction was one of many drug-related convictions, a number of which postdated the 1995 conviction and resulted in jail or prison terms.

The district court did not abuse its discretion by imposing a below-

Guidelines sentence greater than those that Almazan-Becerra received on his two prior convictions for similar offenses. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Almazan-Becerra's case is distinguishable from *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), upon which he relies. In that case, this court concluded that imposition of a within-Guidelines sentence was substantively unreasonable because "of the staleness of [the defendant's] prior conviction and his subsequent history showing no convictions for harming others or committing other crimes listed in Section 2L1.2 [of the Guidelines]." *Id.* at 1055. Almazan-Becerra, by contrast, had a number of intervening crimes, including two for the same or similar offenses as the present illegal reentry offense. Section 3553(a) requires a sentencing judge to consider, among other factors, the need for the sentence "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C). Here, the district court expressly relied on the need for deterrence and noted that Almazan-Becerra had committed the instant offense despite his previous fifty-seven month sentence for the same offense. The district court also expressly took into account Almazan-Becerra's guilty plea, his non-violent criminal history, the small amount of marijuana involved in his 1995 conviction, and mitigating factors presented by his personal background.

3

**AFFIRMED**.