**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10405 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00790-CKJ |
| v. | |
| GUMERCINDO RODRIGUEZ-SANTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Christina Reiss, Chief Judge, Presiding[**]

Submitted December 17, 2013[***]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Gumercindo Rodriguez-Santes appeals from the district court's judgment

and challenges the 51-month sentence imposed following his guilty-plea

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Christina Reiss, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez-Santes contends that the district court procedurally erred by failing to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to deviate from the Sentencing Guidelines based on policy differences with the Guidelines, and by basing his sentence on a factually incorrect finding. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and we find none. The record reflects that the district court considered Rodriguez-Santes's policy-based argument, but found that argument unpersuasive and therefore declined to exercise its discretion to vary from the Guidelines on those grounds. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) ("[D]istrict courts are not obligated to vary from the . . . Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them."). Additionally, the district court's finding that Rodriguez-Santes had "a number" of reentries was not factually incorrect, because the undisputed presentence report ("PSR") indicated that he reentered the country three times. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc) (court may rely on undisputed facts in PSR at sentencing).

Rodriguez-Santes also contends that his sentence is substantively unreasonable under *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), in light of the staleness of his prior conviction and other mitigating factors. The district court did not abuse its discretion in imposing Rodriguez-Santes's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 51-month sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rodriguez-Santes's prior 38-month sentence for reentry after deportation. *See id.*

**AFFIRMED.**