**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10022 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-01481-CKJ-JR-1 |
| v. | |
| ELIAS ORTIZ-ROSALES, a.k.a. Julian Elias Ortiz-Rosales, a.k.a. J. Elias Rosales Ortiz, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Marvin E. Aspen, Senior District Judge, Presiding

Submitted November 12, 2014[**]

Before:    HUG, FARRIS, and CANBY, Circuit Judges.

Elias Ortiz-Rosales appeals from the district court's judgment and

challenges the 51-month sentence imposed following his guilty-plea conviction for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

illegal re-entry, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortiz-Lopez contends that the district court procedurally erred by failing to rule on his motion for a variance.  He did not object on these grounds in the district court, and we therefore review for plain error.  *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008).  There was no plain error.  The district court acknowledged  Ortiz-Lopez's argument for a variance, explained its reasons for rejecting that argument, and imposed a sentence within the Sentencing Guidelines range.

Relying on *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), Ortiz-Rosales argues that his sentence is substantively unreasonable because of the age of a prior conviction that resulted in an enhancement under the advisory Sentencing Guidelines.  The sentence is not substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the seriousness of the enhancing prior conviction and Ortiz-Lopez's subsequent criminal and immigration history.  *See Gall v. United States,* 552 U.S. 38, 51 (2007); *see also United States v. Reyes*, 764 F.3d 1184, 1198-99 (9th Cir. 2014) (distinguishing *Amezcua-Vasquez* based on defendant's criminal history subsequent to the enhancing prior conviction); *United States v. Orozco-Acosta*, 607

F.3d 1156, 1167 (9th Cir. 2010) (distinguishing *Amezcua-Vasquez* where higher sentence was necessary to deter defendant from more illegal re-entries).

**AFFIRMED**.