**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10399 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00149-KJD-CWH-2 |
| v. | MEMORANDUM[*] |
| THOMAS LEWIS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted June 11, 2015[**]
San Francisco, California

Before: SCHROEDER and IKUTA, Circuit Judges, and SEABRIGHT,[***] District
Judge.

Thomas Lewis ("Lewis") appeals from the district court's judgment and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable J. Michael Seabright, United States District Judge for the
District of Hawaii, sitting by designation.

sentence imposed following his guilty-plea conviction for conspiracy to commit armed bank robbery in violation of 18 U.S.C. §§ 371 and 2113(a) and (d) ("count 1"), armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) ("count 2"), and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2) ("count 3"). The district court imposed a within-Guidelines 57-month sentence on counts 1 and 2 to run concurrently, and a mandatory 84-month sentence on count 3, to be served consecutive to the sentence imposed on counts 1 and 2. Lewis argues that the district court abused its discretion in imposing the 57-month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lewis concedes that his criminal history points were properly calculated, but argues that the district court failed to properly address the 18 U.S.C. § 3553(a) factors and his request for a downward variance in light of the staleness of his 1993 conviction. Contrary to Lewis' argument, the district court explicitly considered, and rejected, this argument. The district court "listened to each of [Lewis'] argument[s]" that his sentence should vary from the Guidelines, and "then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range . . . ." *Rita v. United States*, 551 U.S. 338, 358 (2007).

Lewis also argues that his sentence is substantively unreasonable under

2

*United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), given the staleness of his 1993 prior conviction, the nonviolent nature of his more recent convictions, and his family background. The district court did not abuse its discretion in sentencing Lewis at the low end of the Guidelines range. *See United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc) ("[R]eview of the substantive reasonableness of a sentence is deferential and will provide relief only in rare cases."). Although most of Lewis' more recent convictions are nonviolent and appear to be alcohol-related, the sentence is substantively reasonable in light of the violent nature of the offense conduct and Lewis' history of criminal offenses showing multiple revocations of parole and/or probation. *See United States v. Carty*, 520 F.3d 984, 994-95 (9th Cir. 2008) (en banc).

Finally, Lewis waived his argument that the record fails to address his life-long alcohol dependence where he did not raise such argument in his opening brief, and affirmed to the district court during sentencing that he had no objections to the factual accuracy of the Presentence Investigative Report. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011); *United States v. Keller*, 902 F.2d 1391, 1393-94 (9th Cir. 1990).

**AFFIRMED.**

3