**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10561 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00235-YGR-1 |
| v. | |
| KHUSAR MOBLEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted March 11, 2015
San Francisco, California

Before: CALLAHAN, M. SMITH, and WATFORD, Circuit Judges.

Khusar Mobley contends that the district court committed several procedural

errors and imposed a substantively unreasonable sentence. These claims are

without merit.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** Mobley argues that his sentence was predicated on the district court's allegedly erroneous factual finding that he was the "mastermind" of the robbery conspiracy. He is incorrect. The district court performed an accurate Guidelines calculation, determining that Mobley fell within Criminal History Category III, with a total offense level of 22. Mobley received adjustments for financial motivation, conviction under 18 U.S.C. § 111(b), more than minimal planning, and obstruction of justice. The district court did not commit clear error by concluding that the robbery involved "more than minimal planning." U.S.S.G. § 2A2.2(b)(1); *United States v. Lindholm*, 24 F.3d 1078, 1086–87 (9th Cir. 1994). Mobley and his co-defendants set up a fake grenade-launcher transaction after exchanging many text messages with their would-be buyers and luring them to the restaurant parking lot for the robbery. *See* U.S.S.G. § 2A2.2 cmt. n.2. The court's application of the more-than-minimal-planning adjustment was not predicated on the court's description of Mobley as the "mastermind" of the offense.

Moreover, even if the facts did not support application of the more-than-minimal-planning adjustment, Mobley's total offense level would have remained the same. The base offense level for the robbery conviction was 20, which under the Guidelines became the base offense level for all three grouped counts. *See* U.S.S.G. §§ 3D1.2(a)–(b), 3D1.3(a), 2B3.1(a), 2A2.2(a). Adding in the 2-level

adjustment for obstruction of justice, which Mobley does not challenge, his total offense level would be 22 in any event.

Mobley also contends that the district court improperly relied on outside evidence in sentencing him, but, by his own admission, he can point to no such evidence to support this claim.

The district court did not fail to consider Mobley's near-juvenile status in fashioning his sentence. The court appropriately weighed and rejected it as a mitigating factor. Because Mobley was an adult, nothing more was required. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009).

**2.** Mobley's within-Guidelines sentence was not substantively unreasonable. The district court explained why it was exercising its discretion to impose a sentence at the high end of the Guidelines range. Nothing about Mobley's case compelled the court to impose a lower sentence. *See United States v. Carty*, 520 F.3d 984, 995–96 (9th Cir. 2008) (en banc). Nor did the court abuse its discretion by sentencing Mobley to a longer term of imprisonment than his co-defendants. Unlike his co-defendants, Mobley was convicted of robbery, which carries a higher base offense level than the assault charge to which his co-defendants pleaded guilty. *See* U.S.S.G. §§ 2B3.1(a), 2A2.2(a). In addition, unlike his co-defendants, Mobley received an enhancement for obstruction of

justice and did not receive a downward adjustment for acceptance of responsibility.

*See* U.S.S.G. §§ 3C1.1, 3E1.1.  These differences account for the gap between

Mobley's sentence and the sentences imposed on his co-defendants.

**AFFIRMED.**