**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10495 |
| Plaintiff- Appellee, | D.C. No. 1:13-cr-00109-LJO-SKO-1 |
| v. | |
| SERGIO PATRICK RODRIGUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Submitted October 17, 2016.[**]
Pasadena, California

Before: GRABER and MURGUIA, Circuit Judges, and BENNETT,[***] Senior

District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2).

[***]   The Honorable Mark W. Bennett, Senior United States District Judge for the Northern District of Iowa, sitting by designation.

Defendant Sergio Rodriguez was convicted by a jury of willfully attempting to interfere with the safe flight of an aircraft by aiming a laser pointer at it, in violation of 18 U.S.C. § 32(a)(5) and (a)(8), and aiming a laser pointer at an aircraft, in violation of 18 U.S.C. § 39A. He was sentenced to 168 months on the § 32(a)(5) and (a)(8) offense and 60 months on the § 39A offense. The facts of this case are set out in considerable detail in our decision on Rodriguez's first appeal. *United States v. Rodriguez*, 790 F.3d 951 (9th Cir. 2015). In that decision, we vacated Rodriguez's conviction and sentence on the § 32(a)(5) and (a)(8) offense. Although Rodriguez had not appealed his conviction on the § 39A offense, we also remanded for resentencing on that offense. We did so in light of an intervening decision in *United States v. Gardenhire*, 784 F.3d 1277 (9th Cir. 2015), and because Rodriguez's statutory-maximum sentence for his § 39A conviction was a result of the district court's calculation of his base offense level for the § 32(a)(5) and (a)(8) conviction, which we had reversed. *Rodriguez*, 790 F.3d at 961.

On remand, the court again sentenced Rodriguez to 60 months on his § 39A conviction, even though his advisory guidelines sentencing range was only 21 to 27 months. Rodriguez now appeals that sentence as substantively unreasonable and seeks a remand to a different court for resentencing. We affirm.

2

**1.** Rodriguez contends that his above-Guideline sentence—indeed, one that more than doubled his advisory guidelines sentence—was unwarranted and that the court overstated the circumstances of the crime and his criminal history, while giving little or no weight to other relevant § 3553(a) factors. He argues that the court used conduct that was merely an element of the offense to enhance his sentence. He also argues that his criminal record was already accounted for in the calculation of his criminal history as category VI. He also contends that the court did not adequately consider the effect of alcohol on his ability to control his behavior. Finally, he contends that his statutory-maximum sentence creates an unwarranted disparity with his co-defendant and others convicted of a § 39A offense. We disagree with each of these contentions.

**a.** As we explained in our decision in *United States v. Ressam*, 679 F.3d 1069, 1071 (9th Cir. 2012) (en banc), "[w]e review a challenge [to the substantive reasonableness of a sentence] under what the Supreme Court has described as 'the familiar abuse-of-discretion standard of review.'" (Quoting *Gall v. United States*, 552 U.S. 38, 46 (2007).) Thus, while we afford the district judge's sentencing decision "significant deference," and "'we may not reverse just because we think a different sentence is appropriate,'" *see id.* at 1086 (quoting *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc)), we do not simply "rubber stamp" the

district judge's decision, *id.* at 1087. Rather, "'we may reverse if, upon reviewing the record, we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors.'" *Id.* (quoting *United States v. Amezcua–Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009)).

It is true that Rodriguez's 60-month sentence varied to a substantial degree from his advisory guidelines sentencing range, in the sense that it was more than double the high end of his advisory guidelines sentencing range. As we recognized in *Ressam*, however:

> The Supreme Court has explicitly rejected "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Gall*, 552 U.S. at 47, 128 S.Ct. 586. It has made clear, nonetheless, that we are to consider the "extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50, 128 S.Ct. 586. It is in that light that we must assess the district court's consideration of the § 3553(a) factors.

*Ressam*, 679 F.3d at 1090. Here, the district court offered several sufficiently compelling justifications for the degree of the variance. *Id.*

The court considered the first § 3553(a) factor, "the nature and circumstances of the offense," just as we did in *Ressam*. *Id.* While Rodriguez's

offense was not as potentially "horrific" as Ressam's, the district judge reasonably found that Rodriguez's offense involved "a dangerous, dangerous circumstance," *see* Sen'g Tr. (10/8/15) at 20:24, and was of "an horrendously aggravated nature and [an] aggravated circumstance in this case," regardless of what Rodriguez knew about the danger. *See id.* at 22:16-24; *see generally id.* at 20:24-26:15. Moreover, aiming the laser pointer at the helicopter *just once* would have been sufficient for a § 39A offense, *see Rodriguez*, 790 F.3d at 960 ("[T]he fact that Rodriguez intentionally shined the laser at the helicopter [was] enough for a § 39A charge . . . ."), but Rodriguez increased the dangerousness of the offense by striking the helicopter six or seven times. Sen'g Tr. (10/8/15) at 21:8-12. He had also "involved his minor children or allowed . . . them to continue to be involved," *id.* at 21:14-16, which the court reasonably considered an aggravating circumstance.

The court also reasonably concluded that Rodriguez's criminal history was aggravating, beyond what his criminal history score indicated. *See Ressam*, 679 F.3d at 1091 ("Section 3553(a)(1) identifies 'the history and characteristics of the defendant' as one of the factors to consider in imposing a sentence."). As the district court found:

5

> [T]his defendant has a serious criminal history record, dating as far back as his mid-teen years, including felony behavior and obstructing and resisting officers; his claim to be a Bulldog street gang member; having prior felony commitment, plus six misdemeanors, including corporal injury to a cohabitant; obstructing an officer; spitting on an officer; referring to officers as, quote, an officer as a "white-washed Mexican"'; [and] hitting his cohabitant five times in the face.

Sen'g Tr. (10/8/15) at 27:2-10. The court also noted that Rodriguez had committed the offense while on probation, showing that he did not take the terms and conditions of probation seriously. *Id.* at 27:11-13. In light of this record, the court reasonably concluded that Rodriguez was "criminally out of control," did not "respect the law," required "deterrence," and that the public needed protection from him. *Id.* at 27:12-19; *see also* 18 U.S.C. § 3553(a)(2)(A) ("seriousness of the offense" and "respect for the law"), (B) ("deterrence"), and (C) ("protect the public").

The sentence of 60 months was the maximum authorized by the statute defining the offense. *See* 18 U.S.C. § 39A(a); *see also id.* § 3553(a)(3) ("the kinds of sentences available"). Under the circumstances of this case, we cannot say that the court abused its discretion by concluding that Rodriguez should be sentenced to the available statutory maximum.

6

In short, we conclude that Rodriguez's sentence satisfies the "touchstone" of reasonableness, because "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Ressam*, 679 F.3d at 1089 (quotation marks omitted).

**b.** Although Rodriguez contends that his 60-month sentence creates an unwarranted sentencing disparity with his co-defendant and others who have committed a § 39A offense, we disagree. *See* 18 U.S.C. § 3553(a)(6). Rodriguez has not identified any other defendant who committed a § 39A offense involving as many "strikes" of the aircraft with the laser pointer, any other § 39A defendant or co-defendant who had as significant a criminal history, or any other § 39A defendant or co-defendant who had displayed such disrespect for the law in his criminal history. The court reasonably concluded that Rodriguez's co-defendant, who was his co-habitant, was dominated by Rodriguez, so that her circumstances were distinguishable.

Because we are not left with "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors," *Ressam*, 679 F.3d at 1087, we affirm Rodriguez's sentence.

**2.** Rodriguez also requests that, if a resentencing is ordered, we direct reassignment to a different judge, in order to preserve the appearance of justice. Because we do not remand for resentencing, this request is denied as moot.

**AFFIRMED.**