**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 18-30100 |
| Plaintiff-Appellee, | 18-30101 |
| v. | D.C. Nos. 2:12-cr-00026-SMJ |
| | 2:17-cr-00196-SMJ |
| WYLIE LUCAS JOHN THURMAN, a.k.a. Wiley Lucas John Thurman, | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Wylie Lucas John Thurman appeals from the district court's judgments and

challenges the 60-month sentence imposed upon revocation of his supervised

release and the 30-month sentence imposed following his guilty-plea conviction

for failure to register, in violation of 18 U.S.C. § 2250(a).  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Thurman first contends that the district court failed to notify him that it intended to rely on his failure to undergo substance abuse treatment as a reason to vary upward from the Guideline range. We review for plain error, *see United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008), and conclude that there is none. Thurman provides no authority from this circuit to support his claim that the court was required to give him notice of the evidence it might consider before imposing above-Guidelines sentences. Moreover, the presentence report gave Thurman adequate notice that his failure to engage in substance abuse treatment on supervised release could be an issue at sentencing.

Thurman also argues that his sentences are substantively unreasonable. Though the sentences imposed are significantly higher than the Guidelines range, we do not "have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009). The 30-month sentence imposed for failure to register and the 60-month revocation sentence are substantively reasonable in light of the relevant 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Thurman's continued substance abuse, high risk for recidivism, repeated violations of conditions, and decision to abscond while on supervised release. *See Gall v.*

*United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**