**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30127 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00063-SPW-1 |
| v. | |
| JULIAN TYLER BAUGHMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted May 7, 2021[**]
Seattle, Washington

Before: CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,[***]
District Judge.

Defendant Julian Tyler Baughman appeals his conviction of one count of

possession with intent to distribute methamphetamine in violation of 21 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

§ 841(a)(1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).[1] Baughman also challenges his sentence of 240 months' imprisonment[2] as substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review Baughman's sufficiency of the evidence claim to determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original). In so doing, we "may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). We "may not ask [ourselves] whether [we] believe[] that the evidence at the trial established guilt beyond a reasonable doubt, only whether any rational trier of fact could have made that finding." *Id.* (quotation marks, emphases, and citations omitted).

The evidence presented to the jury supports Baughman's convictions.

---

[1] Baughman was also convicted of possession of a firearm as a prohibited person in violation of 18 U.S.C. § 922(g)(1). He does not challenge this conviction.
[2] Baughman was sentenced to 180 months' imprisonment on the possession with intent to distribute charge and120 months' imprisonment on the firearm possession as a prohibited person charge to run concurrently, and 60 months imprisonment on the possession of a firearm in furtherance of a drug trafficking crime charge to run consecutively.

2

Baughman arrived at the Montana residence where he was arrested in a white Chevy Blazer that he had apparently recently purchased, and which contained a digital scale, approximately 1.6 pounds of methamphetamine,[3] ammunition, a loaded CZ Scorpion firearm, and a .357 style handgun. The government also introduced evidence that law enforcement seized a .40 caliber Glock handgun from Baughman's person. The jury also heard evidence about text and Facebook messages retrieved from Baughman's phone that pertained to drug trafficking, including messages containing pictures of receipts for money orders apparently used to pay Baughman's drug suppliers, and pictures of sealed packaging containing methamphetamine, including a picture that looked like the packaged methamphetamine found in the Chevy Blazer. The jury also heard that Baughman's messages contained common coded language referencing methamphetamine and heroin. The phone evidence also showed that Baughman was attempting to collect drug debts. Viewing this evidence in the light most favorable to the prosecution, a rational jury could have found Baughman guilty of possession of methamphetamine with the intent to distribute.

The evidence was also sufficient regarding the charge of possession of a firearm in furtherance of drug trafficking. Baughman, while in possession of a large quantity of methamphetamine, was found with several weapons, including one

---

[3] The methamphetamine was estimated to have cost between $4,500 and $10,000 and could have been sold for close to double that amount.

3

firearm on his person. A government witness testified to the commonsense proposition that firearms can provide helpful protection for drug traffickers, and drug trafficking is a "very dangerous business." Baughman argues that this evidence is insufficient because "the government presented [only] general evidence that individuals—not Mr. Baughman in particular—who traffic in drugs also possess firearms." In the circumstances here, the evidence was more than sufficient to allow a rational juror to conclude that Baughman possessed one or more of the firearms in furtherance of his drug trafficking.

We reject Baughman's appeal of his sentence as substantively unreasonable. "[W]e review the district court's sentencing decision for an abuse of discretion" where a defendant challenges it as substantively unreasonable. *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053 (9th Cir. 2009). Although our circuit has not adopted a presumption of reasonableness for a Guidelines-based sentence, we acknowledge that in individual cases a sentence within the Guidelines range "will usually be reasonable." *United States v. Carty*, 520 F.3d 984, 993–94 (9th Cir. 2008) (en banc) (quotation marks and citation omitted). Here, the sentence of 240 months, was at the lower end of the applicable Guidelines range of 235 to 293 months. And the district court provided a detailed explanation for its sentence, including Baughman's lengthy criminal history and the fact that these offenses evinced an escalation in Baughman's criminal activity. Because the sentence was "sufficient,

4

but not greater than necessary" to accomplish 18 U.S.C. § 3553(a)'s goals, it was substantively reasonable. *See United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009) (quoting 18 U.S.C. § 3553(a)).

**AFFIRMED.**