NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10304 |
| Plaintiff-Appellee, | D.C. No. 1:22-cr-00034-DKW-1 |
| v. | |
| CAREY MILLS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, Chief District Judge, Presiding

Submitted October 3, 2023[**]
Honolulu, Hawaii

Before: BERZON, MILLER, and VANDYKE, Circuit Judges.

Carey Mills appeals his sentence after pleading guilty to wire fraud, in

violation of 18 U.S.C. § 1343. The district court determined that the advisory

Guidelines range was 27 to 33 months of imprisonment, and it imposed a sentence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of 42 months. We have jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 1291, and we affirm.

Mills does not argue that the district court erred in calculating the Guidelines range, nor does he suggest that it otherwise committed procedural error. We therefore consider whether the sentence was substantively reasonable. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We review the district court's sentencing decision for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053 (9th Cir. 2009).

The "touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration" of the sentencing factors prescribed in 18 U.S.C. § 3553(a). *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)). The record reflects such consideration. The district court confirmed that it had considered the nature and circumstances of the offense, as well as Mills's history and characteristics. And although the district court "need not tick off each of the § 3553(a) factors to show that it has considered them," *Carty*, 520 F.3d at 992, the court explained that it had indeed considered all the necessary factors and that it was mindful of its obligation to impose a sentence "'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals." *Ressam*,

2

679 F.3d at 1089 (quoting *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009)). After considering all the necessary factors, the district court concluded that an upward variance of nine months was appropriate.

The district court gave particular weight to the seriousness of the offense: Mills "essentially stole almost a million dollars of federal monies that were earmarked to assist small businesses to help them stay afloat during the pandemic." Contrary to Mills's suggestion, the court did not take issue with the loss calculation under the Guidelines, but instead expressed its view that "the sentencing guidelines . . . do not do justice to white collar fraud like this," and that, as a result, "the guidelines in this case severely understate the crime." That was a permissible consideration because courts "may in appropriate cases impose a non-Guidelines sentence based on disagreement with the [Sentencing] Commission's views." *Peugh v. United States*, 569 U.S. 530, 536–37 (2013) (brackets in original) (quoting *Pepper v. United States*, 562 U.S. 476, 501 (2011)).

Mills argues that the district court did not meaningfully consider all the mitigating factors under §3553(a). In fact, the court considered the arguments Mills offered in mitigation; it simply found them unpersuasive. For example, the court noted that, despite Mills's claim to have helped others in the community, "I don't have any evidence . . . that you've helped anyone other than yourself." Contrary to Mills's suggestion, that statement did not reflect a failure to acknowledge his

3

acceptance of responsibility. Instead, the court expressly stated that it was not disturbing the three-level reduction for acceptance of responsibility: "[Y]ou did accept . . . responsibility for the elements of the offense." But as the court went on to explain, "[t]he elements of the offense do not include what you did with the money," and "[t]hat's where the misrepresentations . . . come into play."

At most, Mills's arguments suggest that the district court might "reasonably have concluded that a different sentence was appropriate." *Gall*, 552 U.S. at 51. That is insufficient to establish an abuse of discretion. *Id.*

**AFFIRMED.**