**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br>v.<br><br>CESAR VELAZQUEZ, Jr., AKA Cesar Velazquez Jr. III,<br><br>       Defendant - Appellant. | No. 23-3575<br><br>D.C. No.<br>5:20-cr-00073-ODW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted April 2, 2025
Pasadena, California

Before: GILMAN[**], M. SMITH, and VANDYKE, Circuit Judges.
Dissent by Judge VANDYKE.

Defendant-Appellant Cesar Velazquez, Jr. was convicted on one count of

distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1),

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

(b)(1)(A)(viii), and sentenced to 168 months' imprisonment. Defendant challenges his sentence on several different grounds. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context to our ruling.

1. Defendant first argues that the district court abused its discretion by denying a mitigating-role reduction pursuant to Section 3B1.2(b) of the Sentencing Guidelines. *See* U.S. Sent'g Guidelines Manual § 3B1.2(b) (U.S. Sent'g Comm'n 2021) (USSG). Section 3B1.2(b) provides for a two-level reduction in offense level "[i]f the defendant was a minor participant in any criminal activity." USSG § 3B1.2(b). In determining whether a defendant is eligible for this adjustment, courts "must consider" five factors that were introduced via amendments to the commentary to § 3B1.2 in 2015. *United States v. Rodriguez*, 44 F.4th 1229, 1233 (9th Cir. 2022). Those factors are (1) "the degree to which the defendant understood the scope and structure of the criminal activity," (2) the "degree to which the defendant participated in planning or organizing the criminal activity," (3) the "degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority," (4) the "nature and extent of the defendant's participation in the commission of the criminal activity," and (5) "the degree to which the defendant stood to benefit from the criminal activity."

USSG § 3B1.2 cmt. n.3(C).

Here, the district court procedurally erred because it failed to "consider *all* of these factors when determining whether to grant [Defendant] a mitigating-role adjustment." *Rodriguez*, 44 F.4th at 1233. As in *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), the district court here rejected Defendant's proposed reduction after a short colloquy during which it discussed a couple of relevant considerations, namely, the amount of drugs Defendant transported and the presence of his fingerprint inside the package. But these comments do not clearly pertain to the five § 3B1.2 factors, which, as noted, concern specific details such as the extent of the defendant's planning and decision-making authority. *See* USSG § 3B1.2 cmt. n.3(C). Thus, like in *Quintero-Leyva*, the district court's comments regarding Defendant's eligibility for the mitigating-role reduction leave it "unclear as to whether the court considered all the factors." 823 F.3d at 523. Accordingly, we vacate and "remand for re-sentencing so [that] the district court can consider the factors [] listed in [] § 3B1.2." *Id.*; *see also Rodriguez*, 44 F.4th at 1233 ("[G]one are the days when district courts had virtually unlimited discretion to simply deem a defendant to be of above average, average, or below average culpability.").

The Government responds that Defendant's case is unlike *Quintero-Leyva* and more akin to *United States v. Diaz*, 884 F.3d 911 (9th Cir. 2018). *Diaz*

3                                                                 23-3575

affirmed a district court's denial of a mitigating-role reduction after relying upon the "well-established presumption" that "the district court need not recite each sentencing factor to show it has considered them." *Id.* at 916. But in *Diaz*, we "ha[d] no trouble determining from the sentencing memoranda and the transcript of the sentencing hearing that the district court was well aware of the [§ 3B1.2] factors." *Id*. The same cannot be said here: Because the transcripts of the sentencing hearings do not clearly reflect a discussion of the § 3B1.2 factors by the district court, its analysis of the factors remains as uncertain as it was in *Quintero-Leyva*. As a result, vacating and remanding for re-sentencing is appropriate. *Quintero-Leyva*, 823 F.3d at 523; *Rodriguez*, 44 F.4th at 1233.[1]

2.    Defendant next argues that the district court abused its discretion by denying a further offense-level reduction pursuant to USSG § 2D1.1(a)(5).

---

[1] The Government also argues that the district court's analysis was sufficient under *United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (en banc). *Carty* held, within the context of the 18 U.S.C. § 3553(a) factors, that so long as a district court has "stated that [it] reviewed the papers," and those "papers discussed the applicability of § 3553(a) factors," it can be assumed that the district court considered those factors. *Id.* Here, the parties' sentencing papers discussed the § 3B1.2 factors, and the district court, on at least one occasion, indicated that it had reviewed the papers. Nevertheless, it is not clear that this reasoning in *Carty* applies in the context of the § 3B1.2 factors, particularly in light of *Quintero-Leyva* and *Rodriguez*, which make clear that district courts in this context "must consider *all* of the[] [§ 3B1.2] factors when determining whether to grant a mitigating-role adjustment." *Rodriguez*, 44 F.4th at 1233; *see also Quintero-Leyva*, 823 F.3d at 523 (reversing and remanding where "the record [wa]s unclear as to whether the court considered all the factors").

Section 2D1.1(a)(5) provides that "if . . . the defendant receives an adjustment under § 3B1.2," and "the base offense level . . . [is] level 38," the defendant's offense level must "decrease by 4 levels" from the level enumerated in the Sentencing Guidelines' Drug Quantity Table. USSG § 2D1.1(a)(5). The parties agree that, in this case, the district court applied a base offense level of 38 and, therefore, that Defendant's eligibility for the § 2D1.1(a)(5) reduction turns on his eligibility for the § 3B1.2 reduction. Therefore, the district court shall reconsider Defendant's eligibility for the § 2D1.1(a)(5) reduction, in addition to his eligibility for the § 3B1.2(b) reduction, upon remand.

3.     Defendant finally argues that the district court abused its discretion by declining to grant a downward variance after applying the 18 U.S.C. § 3553(a) factors. Our court has "held that 'the scheme of downward and upward "departures" [is treated] as essentially replaced by the requirement that judges impose a "reasonable" sentence.'" *United States v. Zolp*, 479 F.3d 715, 722 (9th Cir. 2007) (quoting *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006)). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)).

Here, the record reflects both rational and meaningful consideration of the § 3553(a) factors. *See id.* Both in briefing before the court and during its sentencing hearings, the district court oversaw an extensive review of the factors and engaged in a lengthy back-and-forth with counsel and Defendant about their applicability. The district court also provided insight into how it weighed the § 3553(a) factors. At the conclusion of these conversations, and "having considered the sentencing factors enumerated at 18 USC Section 3553(a)," the district court elected to impose a sentence at the lowest end of the Sentencing Guidelines range. "[A] sentencing judge does not abuse his discretion when," as here, "he listens to the defendant's arguments and then 'simply [finds the] circumstances insufficient to warrant a sentence lower than the Guidelines range.'" *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053 (9th Cir. 2009) (second alteration in original) (quoting *Carty*, 520 F.3d at 995).

**VACATED and REMANDED.**

*United States v. Cesar Velazquez, Jr.*, No. 23-3575
VANDYKE, Circuit Judge, dissenting:

I agree with the majority that the district court did not abuse its discretion in declining to grant a downward variance under 18 U.S.C. § 3553(a), but I disagree that the district court erred by failing to properly apply the five factors in U.S.S.G. § 3B1.2. Although a sentencing court "must consider" the 3B1.2 factors, it is well-established that a "district court need not recite each sentencing factor to show that it has considered them." *United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018). Indeed, there is a robust presumption that "the district judge knew the law and understood his or her obligation to consider all of the sentencing factors." *Id.* In my view, nothing in the record rebuts that presumption, especially given that the district court held three sentencing hearings and expressly considered three separate briefs that each explained the court was required to examine the five factors in 3B1.2.

In any event, the evidence that the district court explicitly considered—including the nearly six kilograms of methamphetamine that the defendant was shipping and the presence of the defendant's fingerprint inside the parcel—bears on the 3B1.2 factors and suggests that the defendant was not merely a courier. *See, e.g.*, *United States v. Chichande*, 113 F.4th 913, 923 (9th Cir. 2024) ("The Mitigating Role Guideline's commentary instructs the court to consider the 'nature and extent' of defendant's acts, which reasonably includes the amount of drugs the defendant [had]."). And although the defendant bears the burden to prove that he "'was

substantially less culpable than [his] co-participants,'" *United States v. Rosas*, 615 F.3d 1058, 1067 (9th Cir. 2010) (quoting *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 1996)), Velazquez offered essentially no evidence in that regard other than his own self-serving testimony. The district court was thus within its discretion to rely on the objective evidence in denying a sentencing reduction. *See United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991) (denying a minor-role reduction where the defendant's only evidence was his "self-serving statement").

"[A] downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." *United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994). Because Velazquez presented no reliable evidence of such exceptional circumstances here, I respectfully dissent.