**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

ERIC ROMERO-LOBATO,

        Defendant - Appellant.

No. 23-757

D.C. No.
3:18-cr-00049-LRH-CLB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 5, 2025
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.
Partial Dissent by Judge DESAI.

     Following two jury trials, Eric Romero-Lobato was convicted of conspiracy

to commit Hobbs Act robbery, attempted Hobbs act robbery, discharging a firearm

during a crime of violence, carjacking, using a firearm during a crime of violence,

and two counts of possession of a firearm by a felon. In a previous appeal, we

vacated Romero-Lobato's conviction for discharging a firearm during a crime of

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

violence in light of the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), and we remanded the case for resentencing. *See United States v. Romero-Lobato*, 2022 WL 2387214, at *1 (9th Cir. July 1, 2022) (unpublished). The district court then imposed a 272-month term of imprisonment followed by a five-year term of supervised release, which included a condition requiring Romero-Lobato to submit to suspicionless searches of his person, property, residence, and automobile. Romero-Lobato appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm in part and vacate and remand in part.

1. The district court did not abuse its discretion by imposing the suspicionless search condition. *See United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). The district court explained that the condition was warranted by the egregious nature of the present offenses and by Romero-Lobato's criminal history, including his history of eluding law enforcement. Those are appropriate considerations under 18 U.S.C. § 3583(d)(1), and we afford "substantial deference" to the district court's determination of how to "fashion[] the conditions needed for successful supervision of a defendant." *United States v. LaCoste*, 821 F.3d 1187, 1190 (9th Cir. 2016).

Romero-Lobato argues that the district court had to "follow additional procedures and make special findings" because this condition implicates a

"particularly significant liberty interest." *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008). But we have never held that suspicionless search conditions trigger heightened procedural requirements. To the contrary, we have rejected challenges to suspicionless search conditions where the district court provided a justification comparable to that provided by the district court here. *See, e.g.*, *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007). Indeed, in the prior appeal in this case, we explained that "[t]he district court was . . . not required to state further its specific reasons for the [suspicionless search condition]." 2022 WL 2387214, at *4.

2. Romero-Lobato argues that the district court abused its discretion because it did not give him advance notice that it was considering imposing a suspicionless search condition. *See United States v. Quinzon*, 643 F.3d 1266, 1269 (9th Cir. 2011). We disagree. The district court had imposed exactly the same condition at Romero-Lobato's first sentencing. Although we vacated that sentence and remanded for plenary resentencing, we did so only because an unrelated change in the law required vacatur of one of Romero-Lobato's seven convictions. 2022 WL 2387214, at *3. But we expressly affirmed the district court's choice to impose the search condition. *Id.* at *4. That history was sufficient to put Romero-Lobato on notice that the district court might consider imposing the condition at resentencing.

3. The district court did not abuse its discretion by imposing a 272-month

term of imprisonment. The district court explained that the term of imprisonment, much like the suspicionless search condition, was justified by the "chilling" nature of the offenses, the effect of these offenses on the victims, and Romero-Lobato's criminal history. Those are appropriate bases for a sentence under 18 U.S.C. § 3553(a). Romero-Lobato offers various reasons in support of a lower sentence, but he does not engage with the district court's analysis about the nature of the offenses or his criminal history. He has not shown an abuse of discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

The district court also did not commit plain procedural error by failing to adequately consider Romero-Lobato's arguments in support of a lower sentence. Romero-Lobato presented these arguments to the district court in a sentencing memorandum. The district court explained that it "reviewed . . . [that] sentencing memorandum." That it chose not to expressly address the arguments at the sentencing hearing simply reveals that the district court found the arguments to lack merit. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053–54 (9th Cir. 2009). Our precedent requires nothing more. *See Carty*, 520 F.3d at 995.

4. The parties agree that a limited remand is appropriate to allow the district court to orally pronounce, in Romero-Lobato's presence, the standard discretionary conditions of supervised release "that it chooses to impose," after giving Romero-Lobato "a chance to object to them." *United States v. Montoya*, 82 F.4th 640, 656

(9th Cir. 2023) (en banc).

The government's motion for judicial notice (Dkt. No. 38) is **GRANTED**.

**AFFIRMED in part; VACATED and REMANDED in part.**

*United States v. Romero-Lobato*, No. 23-757

DESAI, Circuit Judge, dissenting in part:

I respectfully dissent from Section 2 of the memorandum disposition. Romero-Lobato did not receive notice of the district court's intent to impose a suspicionless search supervised release condition at his sentencing. Thus, I would vacate the supervised release portion of his sentence and remand to the district court.

Our precedent is clear. A district court must provide advance notice that it is contemplating imposing a suspicionless search condition before imposing it at sentencing "so that counsel and the defendant will have the opportunity to address personally its appropriateness." *United States v. Wise*, 391 F.3d 1027, 1033 (9th Cir. 2004) ("Where a condition of supervised release is not on the list of mandatory or discretionary conditions in the sentencing guidelines, notice is required before it is imposed."); *see also United States v. Reyes*, 18 F.4th 1130, 1138 (9th Cir. 2021) (holding that the district court "erred by failing to give notice that it was contemplating imposing its broad search condition prior to imposing that condition in its oral pronouncement of sentence"). Indeed, "[i]t is not enough notice . . . first to impose the sentence, and then to invite counsel to comment, at least where counsel objects" because "[t]alking a judge out of a decision he has already made is a different and harder task than persuading him not to make it." *Wise*, 391 F.3d at 1033.

1

But that is precisely what happened here. The district court gave no written or oral notice that it was going to impose the suspicionless search condition. The court instead announced for the first time at Romero-Lobato's new sentencing that it would not adopt the presentence investigation report's ("PSR") recommendation to impose a search requirement "based on reasonable suspicion." And defense counsel could only object after the district court's decision. The district court's failure to provide advance notice of this broad search condition contravenes our precedent. *See id*; *Reyes*, 18 F.4th at 1138. What is more, the district court unfairly deprived Romero-Lobato of the chance to negotiate a more favorable condition with the government. *See Wise*, 391 F.3d at 1033 (noting that advance written notice "allow[s] negotiation of a condition upon which the government and the defense could agree."). Thus, the district court erred. That should be the end of this straightforward inquiry.

Instead, the majority's decision takes a puzzling turn. Rather than reinforcing the district court's obligation to provide advance notice of a non-standard supervised release condition at sentencing, the majority summarily concludes that Romero-Lobato received sufficient notice because the same condition was imposed as part of an earlier, vacated sentence. Maj. at 3. *See United States v. Romero-Lobato*, No. 20-10280, 2022 WL 2387214, at *1, *3 (9th Cir. July 1, 2022). I disagree.

2

Our precedent does not distinguish between sentencing and resentencing in this context. And for good reason. A resentencing is a new sentencing. *See United States v. Tat*, 97 F.4th 1155, 1161 (9th Cir. 2024) (explaining that "it is a settled principle that vacating an appellant's original sentence legally wipes the slate clean . . . and that on remand . . . the defendant is placed in the same position as if he or she had never been sentenced" (citation modified)); *United States v. Merrell*, 37 F.4th 571, 576 (9th Cir. 2022) (noting that for resentencing, "absent contrary instructions from an appellate court," the district court "generally should be free to consider any matters relevant to sentencing . . . as if it were sentencing de novo." (quotation omitted)). Thus, the same rules apply to a subsequent sentencing as the first sentencing. In this case, that means that Romero-Lobato is entitled to the same notice of the district court's intent to impose a non-mandatory and non-discretionary supervised release condition at resentencing as he was at his initial sentencing. The majority's manufactured distinction between sentencing and resentencing to excuse the district court's noncompliance with our governing precedent is both unreasoned and unsound.

The majority assumes that the district court's prior imposition of the suspicionless search condition made it obvious that the court might[1] reimpose the

---

[1]    The majority attempts to circumvent the district court's broad notice obligations by reasoning that Romero-Lobato was on notice the court "might"

3

condition on resentencing—implicitly providing Romero-Lobato notice. But this assumption is incorrect and belied by the record. In Romero-Lobato's prior appeal, this court vacated one of his convictions and remanded for resentencing after the Supreme Court ruled in *United States v. Taylor*, 596 U.S. 845 (2022), that attempted Hobbs Act robbery does not qualify as a crime of violence. *See Romero-Lobato*, 2022 WL 2387214, at *1, *3. Thus, on remand, Romero-Lobato's criminal exposure was reduced and the new PSR recommended a different search condition from the first sentencing: one that only allowed searches "based on reasonable suspicion." The government did not object to this new search condition, and the district court did not provide any notice that it intended to reject the PSR's recommendation.

Moreover, Romero-Lobato observed the district court adopt the PSR's recommendations at his first sentencing. Under the majority's reasoning, it would be equally if not more appropriate for Romero-Lobato to assume that the district court would adopt the search "based on reasonable suspicion" condition recommended by the new PSR—particularly because the government did not object. After all, it is entirely possible, if not probable, that the district court would adopt the

---

reimpose the same search condition because the court had imposed that condition before. Maj. at 3. But this is insufficient. The court was required to provide Romero-Lobato notice that it was "contemplating" such a condition, and there was no such notice here. *See Wise*, 391 F.3d at 1033; *Reyes*, 18 F.4th at 1138. The majority's logic renders our notice requirement toothless: every defendant arguably has notice that the district court "might" or "could" impose certain sentencing conditions. That is not the standard.

recommended search condition because Romero-Lobato had less criminal exposure on remand. Indeed, the district court decreased his term of imprisonment substantially from 319 months to 272 months. But none of this conjecture is necessary because our court's notice requirement is clear. And, here, Romero-Lobato did not receive notice that the district court intended to impose a broader search condition than recommended in the PSR.

Because I would hold that the district court failed to give Romero-Lobato sufficient notice of its intent to impose the suspicionless search condition, I would vacate the supervised release portion of the sentence without reaching the merits and remand to the district court for the limited purpose of imposing a new supervised release sentence consistent with our precedent. *See Reyes*, 18 F.4th at 1139.

I respectfully dissent in part.